■ In the Matter of ROBERT XX., Alleged to be the Child of a Mentally Ill Parent and to be Permanently Neglected. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VERONICA YY., Appellant. [736 NYS2d 199] —Mugglin, J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered June 23, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be, inter alia, the child of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the mother of Robert XX. (born in 1994) who was removed from respondent's home by petitioner on October 15, 1997. In November 1997, Family Court found the child to be neglected, ordered foster care for a 12-month period, and directed respondent to, inter alia, cooperate with petitioner to improve her parenting skills, to undergo mental health and psychiatric evaluation and to follow any subsequent recommendations. In January 2000, petitioner commenced the instant proceeding to terminate respondent's parental rights, alleging that, as a result of mental illness, respondent was, presently and in the foreseeable future, unable to care for the child and that the child was permanently neglected because of respondent's failure to plan for the child's future. Following a

two-day fact-finding hearing, Family Court sustained the allegations of the petition and terminated respondent's parental rights. Respondent appeals.

We affirm. Initially, we reject respondent's contention that petitioner failed to demonstrate by clear and convincing evidence that she was, presently and for the foreseeable future, incapable of providing proper and adequate care for the child due to mental illness. The record reveals that since November 1997, respondent has been diagnosed as being psychotic with a personality disorder. The psychiatrist who made this diagnosis and treated respondent from November 1997 to May 1998 testified that respondent refused to acknowledge the existence of her illness, which resulted in her refusal to take prescribed medication during this entire period and required that she be hospitalized on at least three occasions. This psychiatrist concluded that respondent's failure to acknowledge and address her mental illness hindered any attempt on her part to strengthen her relationship with the child.

Additionally, the record reveals that the court-appointed psychologist examined respondent on at least five occasions between July 1999 and April 26, 2000, the day before the initial fact-finding hearing. The psychologist diagnosed respondent as suffering from schizophrenia, paranoid type, involving visual and auditory hallucinations. Significantly, the psychologist testified that respondent's psychosis essentially prevented her from providing adequate parental care, presently and in the future, since respondent continued to refuse to acknowledge the existence and depth of her mental illness and to accept and follow recommended treatment to alleviate her psychotic episodes. Finally, the record reveals testimony by a certified social worker who concurred with the psychiatrist and psychologist that, as a result of respondent's refusal to acknowledge and treat her illness, she was unable to interact with or care for the child now or at any time in the foreseeable future.

Before parental rights may be terminated due to an inability to presently and for the foreseeable future provide proper and adequate care for a child by reason of mental illness (*see,* Social Services Law § 384-b [4] [c]), there must be testimony from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child (*see, Matter of Joyce T.,* 65 NY2d 39, 45-46). In our view, the foregoing testimony constitutes clear and convincing evidence that respondent is presently, and for the foreseeable future, unable to provide proper and adequate care

for the child due to mental illness (*see, Matter of Harris AA.*, 285 AD2d 755, 756; *Matter of Shane PP.*, 283 AD2d 725, 726-727, *lv denied* 96 NY2d 720; *Matter of Joseph ZZ.*, 245 AD2d 881, 884-885, *lv denied* 91 NY2d 810; *Matter of Joshua O.*, 227 AD2d 695, 696-697).

Moreover, there is no support for respondent's contention that petitioner failed to establish by clear and convincing evidence that respondent failed to plan for the future of the child after he was placed in petitioner's custody. The inability of respondent to acknowledge the existence of her mental illness and to address and undertake the treatment required therefor is itself sufficient evidence to support the finding of permanent neglect (*see, Matter of Elijah F.*, 280 AD2d 720, 721; *Matter of Elizabeth Q.*, 216 AD2d 628, 630, *lv denied* 86 NY2d 706). The existence of mental illness does not eliminate a parent's duty to confront and overcome the obstacles to reunification with the child. Respondent's untreated mental illness creates a potentially harmful situation to the child and supports the conclusion that respondent has made no meaningful attempt to deal with the very problem which precipitated the child's initial removal. Accordingly, we find that Family Court properly determined by clear and convincing evidence that the child was permanently neglected (*see*, Social Services Law § 384-b [4] [d]).

We have examined the balance of respondent's contentions and find them to be equally unpersuasive. The fact that Family Court did not conduct a dispositional hearing after sustaining the allegations of the petition does not require reversal as urged by respondent. First, respondent neither objected to the lack of a dispositional hearing nor urged Family Court to conduct such a hearing and, therefore, the issue has not been preserved for appellate review (*see, Matter of Sharon P.I.*, 153 AD2d 942, 943). Second, where termination of parental rights results from mental illness which prohibits the parent presently and in the foreseeable future from being able to care for the child, a separate dispositional hearing is not required (*see, Matter of Joyce T.*, 65 NY2d 39, 46, *supra*; *Matter of Joseph ZZ.*, 245 AD2d 881, 882, *supra*). Finally, respondent's claims that Family Court received or considered inappropriate evidence have not been preserved for appellate review through appropriate objection (*see, Osborne v Schoenborn*, 216 AD2d 810, 811).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.