■ In the Matter of JONATHAN LL., a Child Alleged to be Abused and Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LOBSANG LL., Appellant. [742 NYS2d 430] —Lahtinen, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered August 23, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and neglected.

Respondent was charged with abuse and neglect of his infant son, who was admitted to the hospital with numerous fractures. Pursuant to a stipulation of the parties and the Law Guardian, respondent waived his right to a hearing, admitted that the child was in his exclusive care for the two days prior to the day of the child's hospitalization and agreed that Family Court would determine whether there had been abuse or neglect by

reviewing the hospital records. After conducting the review, Family Court adjudicated the child to be abused and neglected and entered an order of disposition, from which respondent now appeals.

Respondent's sole contention is that he was deprived of the effective assistance of counsel by assigned counsel's representation. To prevail on this claim, respondent must demonstrate that he received less than meaningful representation and that he suffered actual prejudice as a result of the claimed deficiencies in the representation provided by counsel (*see, Matter of Matthew C.*, 227 AD2d 679, 682-683). Respondent focuses on the stipulated procedure whereby he waived his opportunity to testify and explain how the child's injuries occurred. To the extent that respondent claims that counsel should not have allowed him to consent to the procedure, "it is well established that it is not the role of the reviewing court to second-guess the attorney's tactics or strategy" (*Matter of James HH.*, 234 AD2d 783, 785, *lv denied* 89 NY2d 812). To the extent that respondent's brief suggests that he was coerced by counsel to consent to the procedure, the record is devoid of any evidence of coercion.

The record also provides no support for respondent's claim that his consent to the procedure was not knowing and voluntary. To the contrary, the record demonstrates that Family Court conducted a thorough colloquy with respondent to ensure that he understood the effect of his consent and that his consent was voluntary. When respondent initially limited his consent to the neglect portion of the petition, the court conducted a further inquiry to determine whether respondent wanted a trial on the allegation of abuse. The record demonstrates that respondent's consent to the procedure was knowing and voluntary, and there is nothing in the record to support respondent's claim that he received less than meaningful representation.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.