█ In the Matter of ALEXIS X. and Another, Alleged to be the Children of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TINA X., Appellant. [804 NYS2d 481]—

Peters, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 20, 2005, which, inter

alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be children of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the parent of Alexis X. (born in 1999) and Skylar Y. (born in 2001),[1] who have been in the care and custody of petitioner since February 2002. In November 2003, Family Court dismissed petitioner's application, under Social Services Law § 384-b, to terminate respondent's parental rights on the ground of permanent neglect.[2] We affirmed that determination and, in doing so, recounted respondent's extensive history before Family Court (*Matter of Alexis X.*, 19 AD3d 759, 762 [2005]).

Petitioner thereafter commenced this proceeding seeking to terminate respondent's parental rights on the grounds of permanent neglect and mental illness; the permanent neglect claim was later withdrawn. After a hearing, Family Court granted the petition and ordered that guardianship and custody of the children be transferred to petitioner and that the children be freed for adoption. Respondent appeals.

To terminate parental rights on the grounds of mental illness, petitioner must show, "by clear and convincing evidence, that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the children by reason of the parent's mental illness" (*Matter of Donald W.*, 17 AD3d 728, 729 [2005], *lv denied* 5 NY3d 705 [2005]). Testimony must be elicited "from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child" (*Matter of Robert XX.*, 290 AD2d 753, 754 [2002]).

Family Court heard testimony from Richard Liotta, a licensed psychologist, who interviewed respondent and administered an objective personality test to her. He reviewed petitioner's extensive file concerning services rendered by petitioner and others to respondent and her family and interviewed her case manager, her current and previous homemakers, her provider of psychotropic medications and others. He diagnosed her to suffer

---

1. Respondent is also the mother of Cody (born in 1996), who is not a subject of this proceeding. Cody resides with his paternal grandparents who share custody with respondent (*Matter of Alexis X.*, 19 AD3d 759, 760 n 1 [2005]).

2. Petitioner could not prove the allegations in the petition, to wit, that respondent failed to provide adequate care for the children, was unable to maintain a safe, stable and independent residence and had subjected them to instances of domestic violence instigated by her paramour (*Matter of Alexis X.*, *supra* at 760-761).

from a recurrent major depressive disorder, attention deficit hyperactivity disorder, anxiety disorder not otherwise specified and mixed personality disorder with borderline and antisocial features. Liotta opined that these conditions affect respondent's behavior, feelings, thinking and judgment, and that they would preclude her from being able to adequately care for her children now or in the foreseeable future.

On appeal, respondent contends that even though she offered no evidence in rebuttal,[3] Family Court erred in its wholesale reliance upon Liotta's opinion. Clearly, Liotta's opinion was entitled to some weight (*see Bains v Bains*, 308 AD2d 557, 558 [2003]), especially in light of his extensive review of all available information concerning respondent and her family which he utilized in conjunction with his own assessment. Moreover, the record reflects that Family Court took judicial notice of its prior orders and findings without any objection, and further considered the length of time that these children lingered in foster care. With Family Court also crediting the testimony proffered about "the surroundings, conditions and capacities of the persons involved" (*Matter of Easter*, 71 AD2d 762, 762 [1979], we find, "[g]iving due deference to [its] factual determinations based on its observation of the witnesses and review of exhibits" (*Matter of Donald W., supra* at 729), that clear and convincing evidence supports the determination rendered (*see Matter of Ashley L.*, 22 AD3d 915, 915-916 [2005]; *Matter of Mathew Z.*, 279 AD2d 904, 904-905 [2001]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

 ---

3. On the first day of trial, Family Court denied respondent's request to have additional time to call her own expert. At that time, the children had been in foster care for 2 1/2 years, respondent had four months notice of the date set for trial and proffered no "reason [to the court] to believe that [she was] in actual possession of any evidence or [was] reasonably likely to come up with any evidence that's helpful to her case if . . . the adjournment [was] granted."