■ In the Matter of MICHAEL WW. and Another, Alleged to be the Children of a Mentally Retarded and Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HARRY WW., Appellant. [814 NYS2d 797]—

Kane, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 16, 2005, which partially granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally retarded and mentally ill parent, and terminated respondent's parental rights.

Respondent's two sons came into petitioner's care after Family Court adjudicated them abused and neglected by respondent and his wife (*see Matter of Michael WW.*, 20 AD3d 609 [2005]). Petitioner filed a petition seeking to terminate respondent's parental rights based on his mental illness and mental retardation. After a fact-finding hearing, the court dismissed the portion of the petition based on mental retardation, finding that the evidence failed to support the necessary conclusion that respondent's mental retardation originated during the developmental period. The court credited the testimony of Richard Liotta, a licensed psychologist who testified as petitioner's witness, accepted his diagnoses that respondent suffered from impulse control disorder and a personality disorder, and found

that this mental illness prevented respondent from being able to provide proper care for his children now and in the foreseeable future. Based on these findings, the court terminated respondent's parental rights to his two sons and transferred the sons to petitioner's custody to be freed for adoption. Respondent appeals.

We affirm. Petitioner was required to establish by clear and convincing evidence that respondent suffers from mental illness and that by reason of that mental illness he "is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the children" (*Matter of Donald W.*, 17 AD3d 728, 729 [2005], *lv denied* 5 NY3d 705 [2005]; *see* Social Services Law § 384-b [4] [c]; *Matter of Alexis X.*, 23 AD3d 945, 946 [2005]). Liotta's report and testimony established respondent's mental illness without any refutation (*see Matter of Donald W., supra* at 729).

Giving deference to Family Court's credibility determinations and factual findings regarding the effect of that mental illness on respondent's parenting abilities, clear and convincing evidence supported the court's determination (*see Matter of Alexis X., supra* at 947). The court took judicial notice of its prior finding that respondent abused and neglected his children (*see Matter of Michael WW., supra*). Liotta's opinion concerning respondent's mental illness and its effect on his parenting abilities was supported by his review of numerous records, his own testing and his personal interview with respondent. Respondent's counselor for sex offender treatment testified that respondent was involved in a 3½-year treatment program, had made minimal progress and would need support services for life. This evidence, along with testimony from other witnesses which corroborated some of respondent's behaviors and attitudes, adequately proved that respondent's impulse disorder and personality disorder negatively impacted upon his parenting abilities, rendering him unable to adequately care for his two special needs sons presently and for the foreseeable future. We decline to disturb the court's determination that termination of respondent's parental rights was in the children's best interests (*see Matter of Donald W., supra* at 730; *Matter of Mathew Z.*, 279 AD2d 904, 906 [2001]).

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.