In the Matter of SHAWNDALAYA II., Alleged to be the Child of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMELLA II., Appellant. [847 NYS2d 772]—

Spain, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 2, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be the child of a mentally ill parent, and terminated respondent's parental rights.

Respondent's daughter, Shawndalaya II. (born in 1992), was removed from respondent's custody and placed in foster care in 2004 because, among other things, she was not attending school. Following the child's removal from respondent's home, she was adjudicated as neglected by respondent in a Family Court order which was affirmed by this Court (*Matter of Shawndalaya II.*, 31 AD3d 823 [2006], *lv denied* 7 NY3d 714 [2006]). Thereafter, petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate respondent's parental rights based on her mental illness.

At the fact-finding hearing, a licensed clinical psychologist testified as to respondent's condition. Additionally, in a lengthy and detailed report prepared by the psychologist and received in evidence without objection, he opined, within a reasonable degree of professional certainty, that respondent suffers from, among other things, schizoaffective disorder. As a result of the disorder, she is unable, presently and for the foreseeable future, to provide proper and adequate care for her daughter. Testimony was also heard from the Clinton County foster care caseworker assigned to the case and from respondent herself.

Respondent testified that she left Clinton County after her daughter was removed from her care and settled in Youngstown, Ohio—where she was living by herself at the time of the hearing—to be near her mother. She described the conditions of her residence and introduced photographs of her home into evidence. She stated that she had a job but—at the time of the hearing—was unemployed, and that she receives counseling and therapy for bipolar disorder, has attended parenting classes, and speaks with her daughter once or twice per month. Further, she testified that she would be willing to undergo daily outpatient treatment for her mental illness and would take her medication

as necessary if Family Court so directed her. At the end of her testimony, respondent was permitted, without objection, to read a statement into the record, which—essentially—expressed to the court that her situation had improved and urged the court to return the child to her custody.

At the conclusion of the hearing, Family Court credited the testimony of the psychologist and the caseworker and found respondent to be mentally ill. More specifically, Family Court found that respondent suffers from schizoaffective disorder, bipolar disorder and a personality disorder not otherwise specified with histrionic, paranoid and narcissistic features, and that this mental illness prevented respondent from being able to provide proper care for her daughter presently and for the foreseeable future. The court made an order terminating respondent's parental rights on the ground of mental illness and transferred the daughter's custody to petitioner to be freed for adoption. Respondent now appeals.

We affirm. Petitioner was required to prove by clear and convincing evidence that, by reason of her mental illness, respondent is presently and for the foreseeable future unable to provide proper and adequate care for her daughter (*see* Social Services Law § 384-b [4] [c]; *see also Matter of Alexis X.*, 23 AD3d 945, 946 [2005], *lv denied* 6 NY3d 710 [2006]; *Matter of Robert XX.*, 290 AD2d 753, 754-755 [2002]). Here, the psychologist's lengthy report, testimony and opinions were based on his two-hour, in-person interview of respondent, an MMPI-2 personality test that he administered to her, contact with the foster care caseworker, and brief contact with respondent's 2006 treating psychiatrist. They were also based upon an extensive review of respondent's mental health records, including her previous hospitalizations, past court findings, social services reports, and letters that respondent had written to her daughter.

Respondent's contention that petitioner did not meet its burden is without merit. While, on cross-examination, the psychologist responded, "yes," to counsel's question, "you're just—you're making your best guess. Isn't that fair to say?" regarding his opinion as to respondent's ability to care for her daughter in the foreseeable future, the psychologist specifically testified that respondent is not capable of improving her condition because she "jumps around to different providers" and because "there are barriers in my estimation to the likelihood that she would follow through with the level of treatment that she would need even if it were offered." More specifically, regarding the likely status of respondent's condition for the

foreseeable future, the psychologist opined that: "the type of condition that [respondent] has, schizoaffective disorder, is a chronic condition which needs to be managed on a quite regular basis . . . The likelihood of . . . relapse or reoccurrence of severe psychiatric symptoms is more likely in her case given her limited insight into her condition, her not fully following through with treatment, and her avoiding higher levels of treatment which would be of a benefit to her." Moreover, in the conclusion section of his lengthy and detailed report, the psychologist opined that it is unlikely that respondent would be able to successfully participate in long-term intensive treatment, which is necessary for her improvement, stating: "It is my impression that she would resist [treatment] quite strongly. She has a difficult time even staying put in one place. Her participation in outpatient treatment has not been sufficient[,] [t]ypically receiving medication from a psychiatrist and not participating in therapy. She has lapses in her medication compliance. She is not always forthcoming with providers . . . [and] her behavior does not suggest that she can mobilize herself on a consistent basis." The psychologist further concluded "that now and for the foreseeable future [respondent] will be *unable* to care for her daughter . . . adequately due to her mental illness." Moreover, he testified that his opinions were made within a reasonable degree of professional certainty. Therefore, based on the complete record before us, the psychologist's minimal concession on cross-examination did not undermine his otherwise consistent opinion that respondent is "unable, by reason of mental illness . . . to provide proper and adequate care for [her daughter]" in the "foreseeable future" (Social Services Law § 384-b [4] [c]).

Accordingly, given the testimony of the caseworker and the testimony and report of the psychologist which was based upon his extensive review of all the information available to him along with his first-hand evaluation, and according due deference to Family Court as the trier of fact, clear and convincing evidence supports the court's findings and conclusions in this case (*see Matter of Evelyn B.*, 37 AD3d 991, 992-993 [2007]; *Matter of Michael WW.*, 29 AD3d 1105, 1106 [2006]; *Matter of Chelsea KK.*, 28 AD3d 849, 850-852 [2006], *lv denied* 7 NY3d 704 [2006]; *Matter of Alexis X.*, 23 AD3d at 947; *Matter of Ashley L.*, 22 AD3d 915, 916 [2005]).

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.