■ In the Matter of JENNA KK. and Others, Alleged to be the Children of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK KK., Appellant. [855 NYS2d 700]—

Stein, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 17, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the father of Jenna KK. (born in 2002), Logan KK. (born in 2003) and Liberty KK. (born in 2005). The children have continuously been in foster care since their removal from their mother's care on July 5, 2005. At the time of the children's removal, respondent was incarcerated in Connecticut for a parole violation (based on an underlying sex offense conviction). Petitioner commenced this proceeding in July 2006 to terminate respondent's parental rights based upon respondent's mental illness.* The petition alleged that respondent was mentally ill and that such condition rendered him unable, presently and for the foreseeable future, to provide proper and adequate care for his children. Following a hearing, Family Court sustained the petition and terminated respondent's parental rights. Respondent appeals. We affirm.

To support a termination of parental rights on the ground of mental illness, the petitioning agency must demonstrate by clear and convincing evidence that the parent is "presently and for the foreseeable future unable, by reason of mental illness

---

* At the time the petition was filed, respondent was incarcerated in Clinton County, awaiting sentencing on criminal charges of unlawful imprisonment and endangering the welfare of a child, which stemmed from an incident of domestic violence against the children's mother.

. . . to provide proper and adequate care for [his or her] child[ren] who [have] been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed in the court" (Social Services Law § 384-b [4] [c]; *see Matter of Ashley L.*, 22 AD3d 915 [2005]). The proof must include "testimony from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child" (*Matter of Robert XX.*, 290 AD2d 753, 754 [2002]).

Here, the testimony of Richard Liotta, a licensed psychologist, established that he met with and evaluated respondent, administered two diagnostic tests, reviewed files and documents from various sources, and spoke with caseworkers, a probation officer and the psychologist at respondent's sex offender treatment program. He then diagnosed respondent with the following: delusional disorder, persecutory type; pedophilia, nonexclusive type; and personality disorder, not otherwise specified, with prominent antisocial characteristics and paranoid and narcissistic features. He opined that respondent's mental illness has affected his present and future ability to provide proper and adequate care for the children. Specifically, Liotta testified that respondent's delusional disorder could affect his judgment in caring for the children in that he might make unwarranted assumptions regarding their motivation for behavior, hold grudges and act in a controlling manner. Liotta further testified that respondent's antisocial personality disorder causes respondent to disregard the safety and welfare of others, citing as examples respondent's prior convictions for sex offenses and domestic violence. He also noted that respondent failed to acknowledge wrongdoing for the prior acts for which he was convicted.

Family Court was entitled to rely on petitioner's expert and to draw an adverse inference from respondent's failure to testify on his own behalf (*see Matter of Allen DD.*, 17 AD3d 740, 743 [2005], *lv denied* 5 NY3d 704 [2005]). Giving due deference to Family Court's factual determinations, and in view of the absence of any contradictory expert evidence, petitioner's proof was sufficient to sustain the finding made by Family Court (*see Matter of Michael WW.*, 29 AD3d 1105, 1106 [2006]; *Matter of Alexis X.*, 23 AD3d 945 [2005], *lv denied* 6 NY3d 710 [2006]).

We have considered respondent's claims of ineffective assistance of counsel and denial of due process and find them to be without merit (*see People v Henry*, 95 NY2d 563 [2000]; *People v Baldi*, 54 NY2d 137 [1981]; *Matter of Gregory AA.*, 20 AD3d 726 [2005]; *Matter of Jonathan LL.*, 294 AD2d 752 [2002]; *People v Deets*, 188 AD2d 889 [1992]). Accordingly, the order of Family Court is affirmed.

Peters, J.P., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.