Appeal from an order of the Family Court, Seneca County (Dennis F. Bender, J.), entered March 26, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondents’ parental rights.
It is hereby ordered that said appeal from the order insofar as it concerned respondents’ older child is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent parents have improperly appealed from the fact-finding order rather than the order of disposition. Nevertheless, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the order of disposition (see Matter of Danielle S. v Larry R.S., 41 AD3d 1188 [2007]; see also CPLR 5520 [c]). We dismiss as moot the appeal from the order insofar as it concerned the parents’ older child inasmuch as she has attained the age of 18 (see Matter of Krest v Kawczynski, 9 AD3d 907 [2004]).
*1125 With respect to the parents’ younger child, petitioner met its burden of demonstrating by clear and convincing evidence that the parents are each presently and for the foreseeable future unable to provide proper and adequate care for him by reason of their mental illness (see Social Services Law § 384-b [4] [c]; Matter of Shawndalaya II., 46 AD3d 1172, 1174 [2007], lv denied 10 NY3d 703 [2008]). Family Court was entitled to credit the testimony of the court-appointed psychologist that the parents, by reason of their mental illness, were unable to acknowledge or meet the special needs of their son, who has Down syndrome, and that the prognosis for recovery with respect to each parent was poor. That testimony was based upon the results of standardized tests, extensive interviews with the parents and a review of their legal and other records (see generally Matter of Dylan K., 269 AD2d 826 [2000], lv denied 95 NY2d 766 [2000]). Contrary to the contention of the parents, “[t]he mere possibility that [their] condition^], with proper treatment, could improve in the future is insufficient to vitiate Family Court’s conclusion” (Matter of Vaketa Y., 141 AD2d 892, 893 [1988]). In view of our decision, we do not address the parents’ remaining contentions. Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.