■ In the Matter of ARIELLE Y. and Another, Alleged to be the Children of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KARA Y., Appellant. (Proceeding No. 1.) In the Matter of ARIELLE Y. and Another, Alleged to be the Children of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD Y., Appellant. (Proceeding No. 2.) [876 NYS2d 529]—

Rose, J. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered June 17, 2008, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be the children of mentally ill parents, and terminated respondents' parental rights.

Respondents are the married, but separated, parents of two children (born in 2003 and 2005). Due to the parents' substance abuse and entry into inpatient treatment programs, they made arrangements for the children to be cared for by their relatives. In September 2006, when the relatives were no longer able to care for the children, petitioner took custody of them and filed neglect petitions alleging primarily that the parents had abused drugs while the children were in their care. After the parents consented to a finding of neglect without admitting any specific wrongdoing, Family Court entered dispositional orders and

orders of protection that, among other things, directed the parents to address their substance abuse and other issues through compliance with treatment programs and petitioner's services and recommendations. Both parents violated the provisions regarding substance abuse and, as a result, spent considerable time in jail during 2007. Neither parent received treatment for substance abuse—or any other condition—while they were incarcerated. Just before the expiration of one year after petitioner took the children into its custody, Family Court changed their permanency plan to placement for adoption and directed petitioner to commence proceedings within 45 days against the parents to terminate their parental rights. Within that time, petitioner filed such petitions alleging only that the parents suffer from a mental illness, and Family Court then ordered their examination by Richard Liotta, a licensed psychologist. Following a joint fact-finding hearing at which Liotta testified that both parents had personality disorders, Family Court concluded that, due to mental illness, their children would be in danger of becoming neglected if they were ever returned to the parents' custody, and granted the petitions. The parents now appeal, and we agree with their contention that petitioner failed to establish by clear and convincing proof that, due to mental illness, they are unable to provide proper care for their children.

Parental rights can be terminated and a child freed for adoption if "[t]he parent . . . [is] presently and for the foreseeable future unable, by reason of mental illness or mental retardation, to provide proper and adequate care for a child" (Social Services Law § 384-b [4] [c]; *see Matter of Joyce T.*, 65 NY2d 39, 48 [1985]). Termination of parental rights on this basis requires proof not only of the parent's underlying condition, but must include "testimony from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child" (*Matter of Robert XX.*, 290 AD2d 753, 754 [2002]; *see Matter of Jenna KK.*, 50 AD3d 1216, 1217 [2008], *lv denied* 11 NY3d 703 [2008]; *Matter of Ashley L.*, 22 AD3d 915, 916 [2005]). The petitioner bears the burden of establishing each of these facts in issue by clear and convincing proof (*see* Family Ct Act § 622; Social Services Law § 384-b [3] [g] [i]; *Matter of Natasha RR.*, 42 AD3d 769, 771 [2007], *lv denied* 9 NY3d 812 [2007]), and "[t]here must be strict adherence to [this] statutory mandate" (*Matter of Daniel Aaron D.*, 49 NY2d 788, 790 [1980]). Because Liotta's testimony does not adequately particularize the harm that would befall the children due to the parents' mental condition, as distinguished from the substance abuse that caused the original re-

moval of the children, this rigorous standard has not been met here.

Liotta testified that he had interviewed each parent separately, administered diagnostic personality tests and reviewed records from various sources. In addition to describing their substance dependency and abuse, he diagnosed each as having a personality disorder, not otherwise specified, with various borderline features. However, Liotta did not adequately specify how the mental illness of either parent, as opposed to their substance abuse, would endanger the children's welfare. This deficiency was compounded by his failure to take into consideration the parents' recent abstinence. Further, Liotta conceded on cross-examination that the parents could benefit from treatment if they acknowledged their problems, and he did not opine that their mental illnesses would preclude them from being able to care for the children in the foreseeable future (*see Matter of Lina Catalina R.*, 21 AD3d 563, 564 [2005]). This is important here because, prior to Liotta's evaluation, neither parent had been diagnosed with a mental illness by a psychologist or psychiatrist, recommended for psychiatric treatment or received any mental health treatment (*compare Matter of Shane PP.*, 283 AD2d 725, 727-728 [2001], *lv denied* 96 NY2d 720 [2001]).

Since termination of parental rights in proceedings such as these must be soundly based on the mental illness of the parent, and here the evidence that mental illness alone would cause the parents to neglect their children was not clear and convincing, Family Court's determination must be set aside. This determination renders it unnecessary to consider the parents' remaining contentions.

Cardona, P.J., Kane, Kavanagh and Stein, JJ., concur. Ordered that the orders are reversed, on the law and the facts, without costs, and matters remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision.