■ In the Matter of ELIJAH W.L., JR. SCO FAMILY OF SERVICES, Respondent; OMISA S.C. et al., Appellants. (Proceeding No. 1.) In the Matter of LANIJAH J.L. SCO FAMILY OF SERVICES, Respondent; OMISA S.C. et al., Appellants. (Proceeding No. 2.) In the Matter of JENNA C.C. SCO FAMILY OF SERVICES, Respondent; OMISA S.C. et al., Appellants. (Proceeding No. 3.) [44 NYS3d 206]—

Appeals by the mother, and separate appeals by the father, from three orders of fact-finding and disposition of the Family Court, Queens County (Margaret P. McGowan, J.), dated March 10, 2015, March 11, 2015, and March 24, 2015. The orders (one as to each child), after a fact-finding hearing as to the mother, and a fact-finding hearing and a dispositional hearing as to the father, (1) found that the mother was presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for the subject children, (2) found that the father permanently neglected the subject children, and (3) terminated the mother's and the father's parental rights and transferred the guardianship and custody of the subject children to SCO Family of Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are reversed, on the law, without costs or disbursements, the petitions are denied and the proceedings are dismissed as to the father, and the matters are remitted to the Family Court, Queens County, for a new fact-finding hearing as to the mother, and, if warranted, a new disposition thereafter.

In these proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the mother and the father as to the three subject children, the Family Court issued three

orders of fact-finding and disposition (one as to each child). The court found that the mother suffered from mental illness and by reason of that mental illness was presently and for the foreseeable future unable to provide proper and adequate care for the children (*see* Social Services Law § 384-b [4] [c]; [6] [a]). The court also found that the father permanently neglected the subject children by, among other things, failing to plan separately from the mother for the return of the children (*see* Social Services Law § 384-b [4] [d]; [7]). The Family Court terminated the mother's and the father's parental rights and transferred custody of the children to SCO Family of Services (hereinafter the petitioner) and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother and the father separately appeal.

First, as to the mother's appeal, the Family Court erred in determining the legal sufficiency of the evidence without complying with Social Services Law § 384-b (6) (e), which provides that "the judge shall order" an allegedly mentally ill parent "to be examined by, and shall take the testimony of, a qualified psychiatrist or a psychologist" (*see* Social Services Law § 384-b [6] [c]). Termination of parental rights on the ground of mental illness may be ordered only upon proof by clear and convincing evidence that the parent "presently and for the foreseeable future" is unable, by reason of the parent's mental illness, to provide proper and adequate care for the subject children (Social Services Law § 384-b [4] [c]; *see Matter of Lina Catalina R.*, 21 AD3d 563, 563-564 [2005]). Importantly, termination on this ground requires expert testimony not only as to the parent's underlying mental illness, but also as to how that mental illness renders the parent unable to provide proper and adequate care for the subject child presently and in the foreseeable future (*see Matter of Dakota F. [Angela F.]*, 110 AD3d 1151, 1153-1154 [2013]; *Matter of Karen GG. [Marline HH.]*, 72 AD3d 1156, 1158 [2010]; *Matter of Robert XX.*, 290 AD2d 753, 754 [2002]). Here, the court failed to obtain the required expert testimony (*see* Social Services Law § 384-b [6] [c], [e]; *cf. Matter of Brianna Monique F. [Monique F.]*, 129 AD3d 638, 639 [2015]; *Matter of Arielle Y.*, 61 AD3d 1061, 1062-1063 [2009]). Accordingly, the court erred in terminating the mother's parental rights on the basis of mental illness, and a new fact-finding hearing is required as to the mother (*cf. Matter of Arielle Y.*, 61 AD3d at 1062-1063).

Next, as to the father's appeal, in proceedings to terminate parental rights based on permanent neglect, the agency must establish as a threshold matter that it made diligent efforts to

encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). The diligent efforts must include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems which prevent the discharge of the child into their care, and informing the parents of their child's progress (*see* Social Services Law § 384-b [7] [f]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]). Here, the petitioner failed to meet its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the father and the subject children (*see* Social Services Law § 384-b [7] [a], [f]). The evidence at the fact-finding hearing failed to establish that the petitioner assisted the father in addressing the important issue of his need to secure stable and suitable housing; assisted the father with enrolling in and completing a second anger management/ domestic violence prevention course; or reinstated visitation between the father and the children as soon as practicable after an alleged altercation with an employee of the petitioner resulted in a suspension of visitation. In light of the petitioner's failure to meet its burden of establishing its diligent efforts under Social Services Law § 384-b (7) (a), the Family Court should have, as to the father, denied the petitions and dismissed the proceedings (*see Matter of Austin C. [Alicia Y.]*, 77 AD3d 938, 939 [2010]; *Matter of Joshua R.*, 2 AD3d 528, 528-529 [2003]).

The parties' remaining contentions are either without merit or academic. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.