Matter of Adam D. ( (Victoria C.) (2018 NY Slip Op 00139)





Matter of Adam D. ( (Victoria C.)


2018 NY Slip Op 00139


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-08578
 (Docket Nos. B-11846-15, B-11847-15, B-11848-15)

[*1]In the Matter of Adam D. (Anonymous), appellant. SCO Family of Services, et al., petitioners-respondents; Victoria C. (Anonymous), respondent-respondent. (Proceeding No. 1)
In the Matter of Ann M. C. (Anonymous), appellant. SCO Family of Services, et al., petitioners-respondents; Victoria C. (Anonymous), respondent-respondent. (Proceeding No. 2)
In the Matter of Kashawn D. (Anonymous), appellant. SCO Family of Services, et al., petitioners-respondents; Victoria C. (Anonymous), respondent-respondent. (Proceeding No. 3)


Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Patricia Colella of counsel), attorney for the children, the appellants Adam D., Ann M. C., and Kashawn D.
Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent SCO Family of Services.
Larry S. Bachner, New York, NY, for respondent-respondent.



DECISION & ORDER
Appeal from an order of the Family Court, Queens County (Marybeth S. Richroath, J.), dated July 22, 2016. The order, after a fact-finding hearing, and upon a finding that the petitioner SCO Family of Services failed to prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship between the mother and the children and to reunite the family, dismissed those branches of the petitions which were to terminate the mother's parental rights on the ground of permanent neglect.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, those branches of the petitions which were to terminate the mother's parental rights on the ground of permanent neglect are reinstated, findings are made that the mother permanently neglected the subject children, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing to be held with all convenient speed and the issuance of a dispositional order thereafter.
In June 2015, the petitioner SCO Family of Services (hereinafter the agency) commenced these proceedings to terminate the mother's parental rights on the ground of permanent neglect based on her alleged failure to maintain contact with and plan for the future of the children from June 2014 through June 2015. Following a hearing, and upon finding that the agency failed to establish by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship, the Family Court dismissed those branches of the petitions which were to terminate the mother's parental rights on the ground of permanent neglect. The children appeal.
The mother's contention that the attorney for the children improperly substituted his judgment for that of the children is without merit (see Matter of Isobella A. [Anna W.], 136 AD3d 1317, 1320).
Contrary to the Family Court's determination, the agency demonstrated by clear and convincing evidence that it exercised diligent efforts to strengthen the mother's relationship with the children by, inter alia, developing a service plan, providing her with referrals, maintaining contact with her by telephone and in person, and providing paid transportation for visits with the children (see Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 827; Matter of Tashameeka Valerie P. [Priscilla P.], 102 AD3d 614, 615). Notably, the agency advised the mother that therapy and anger management were part of her service plan, and that if she failed to complete them, she risked termination of her parental rights.
The Family Court did not reach the issue of the mother's maintaining contact with the children and planning for their future because of its erroneous threshold determination that the agency did not make diligent efforts (see Matter of Star Leslie W., 63 NY2d 136, 142). However, on this sufficiently developed record, we find that, despite the agency's diligent efforts, the mother failed to maintain regular visitation with the children. Further, although she obtained suitable housing and completed parenting skills classes, the mother failed over several years to complete necessary anger management classes, failed to fully submit to random drug testing, and failed to complete a course of counseling (see Matter of Jamie M., 63 NY2d 388, 393). Significantly, the mother admitted that she stopped going to anger management classes merely because she was tired of answering the same questions over and over. Further, the record contains clear and convincing evidence that the mother failed to adequately plan for the return of the children. Among other things, there was evidence that the mother did not sign a consent form for one of the children, who had been diagnosed with autism, and as a result, the child lost therapy and speech therapy services for a period of time.
The mother's remaining contentions are without merit.
Accordingly, the Family Court erred in dismissing those branches of the petitions which were to terminate the mother's parental rights on the ground of permanent neglect (cf. Matter of Elijah W.L. [Omisa S.C.], 146 AD3d 782, 784), and we remit the matter to the Family Court, Queens County, for a dispositional hearing to be held with all convenient speed and the issuance of a dispositional order thereafter.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court