Matter of Syiah C.M. (Shatasia C.M.) (2025 NY Slip Op 04095)

Matter of Syiah C.M. (Shatasia C.M.)

2025 NY Slip Op 04095

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-01988
 (Docket No. B-13301-22)

[*1]In the Matter of Syiah C. M. (Anonymous), etc. Little Flower Children and Family Services of New York, petitioner-respondent; Shatasia C. M. (Anonymous), etc., appellant, et al., respondent.

Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus, Amy Mulzer, and Kramer Levin Naftalis & Frankel LLP [Karen Steinberg Kennedy and Drew Zagami], of counsel), for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey L. Blinkoff of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Hannah Kaplan of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Robert Hettleman, J.), dated February 22, 2024. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition is denied insofar as asserted against the mother, and the proceeding is dismissed insofar as asserted against the mother.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated the mother's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Angelina J.W. [Tanya J.W.], 217 AD3d 773, 774 [internal [*2]quotation marks omitted]; see Social Services Law § 384-b[7][a]). "Those efforts must include counseling, making suitable arrangements for parental access, providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Kasey R.L.R. [Sharreise B.], 233 AD3d 877, 878 [internal quotation marks omitted]; see Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 894). "An agency must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" (Matter of Shelia G., 61 NY2d 368, 385; see Matter of Jamie M., 63 NY2d 388, 394).
Here, the petitioner failed to meet its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the mother and the child (see Social Services Law § 384-b[7][a], [f]). The evidence adduced at the fact-finding hearing failed to establish that the petitioner assisted the single, working mother with obtaining childcare services, followed up with her therapy progress for six months, or built a rapport with her in order to engage in cooperative dialogue. In light of the petitioner's failure to meet its burden of establishing its diligent efforts, the Family Court should have denied the petition insofar as asserted against the mother and dismissed the proceeding insofar as asserted against the mother (see Matter of Elijah W.L. [Omisa S.C.], 146 AD3d 782, 784; Matter of Joshua R. [Joseph R.], 2 AD3d 528, 529).
The parties' remaining contentions have been rendered academic in light of our determination.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court