Matter of Elijah L. Jr. (Elijah L.)
2026 NY Slip Op 03963
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Elijah L. (Anonymous), Jr. SCO Family of Services, petitioner-respondent; Elijah L. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Lanijah L. (Anonymous). SCO Family of Services, petitioner-respondent; Elijah L. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-02019, 2025-02399, (Docket Nos. B-4210-17, B-4211-17)
Valerie Brathwaite Nelson, J.P.
Barry E. Warhit
Phillip Hom
Lisa S. Ottley, JJ.

Lisa A. Manfro, Port Washington, NY, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Terrence J. Worms, Flushing, NY, attorney for the children.

[*1]
DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from two orders of disposition of the Family Court, Queens County (Emily Ruben, J.) (one as to each child), both dated November 12, 2024. The orders of disposition, upon an order of fact-finding and disposition of the same court dated March 1, 2024, made after a fact-finding hearing, finding, inter alia, that the father permanently neglected the subject children Elijah L., Jr., and Lanijah L., and a decision of the same court dated October 7, 2024, made after a dispositional hearing, terminated the father's parental rights as to those children and transferred custody and guardianship of those children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of disposition are reversed, on the law and the facts, without costs or disbursements, so much of the order of fact-finding and disposition dated March 1, 2024, as found that the father permanently neglected the subject children Elijah L., Jr., and Lanijah L. is vacated, the petitions relating to those children, insofar as asserted against the father, are denied, and the proceedings relating to those children, insofar as asserted against the father, are dismissed.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject children Elijah L., Jr., and [*2]Lanijah L. (hereinafter together the children) on the ground of permanent neglect. Following a fact-finding hearing, the Family Court, among other things, found that the father permanently neglected the children. Thereafter, the court terminated the father's parental rights to the children and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. These appeals ensued.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Angelina J.W. [Tanya J.W.], 217 AD3d 773, 774 [internal quotation marks omitted]; see Social Services Law § 384-b[7][a]). "Those efforts must include counseling, making suitable arrangements for parental access, providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Kasey R.L.R. [Sharreise B.], 233 AD3d 877, 878 [internal quotation marks omitted]; see Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 894). "An agency must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" (Matter of Shelia G., 61 NY2d 368, 385).
Here, the petitioner failed to meet its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the father and the children (see Social Services Law § 384-b[7][a], [f]). The evidence adduced at the fact-finding hearing failed to establish that the petitioner arranged any parental access between the father and the children, referred the father to any services, or assisted the father with obtaining suitable housing. In light of the petitioner's failure to meet its burden of establishing its diligent efforts, the Family Court should have denied the petitions and dismissed the proceedings insofar as asserted against the father with respect to the children (see Matter of Syiah C. M. [Shatasia C.M.], 240 AD3d 596, 596-597; Matter of Elijah W.L. [Omisa S.C.], 146 AD3d 782, 784; Matter of Joshua R. [Joseph R.], 2 AD3d 528, 529).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., WARHIT, HOM and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court