■ In the Matter of TANAY R.S. ST. VINCENT'S SERVICES, INC., Respondent; TANYA M. et al., Appellants. [47 NYS3d 360]—

Appeal by the mother from an order of fact-finding of the Family Court, Kings County (Ann O'Shea, J.), dated April 16, 2014, and separate appeals by the mother and the father from an order of disposition of that court dated August 19, 2015.

The order of fact-finding, after a fact-finding hearing, found that the mother permanently neglected the subject child. The order of disposition, after a dispositional hearing, terminated the mother's parental rights and freed the child for adoption by her foster parents.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the mother's appeal from the order of disposition; and it is further,

Ordered that the father's appeal from the order of disposition is dismissed, without costs or disbursements, as he is not aggrieved by that order (see CPLR 5511); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights to the subject child on the ground of permanent neglect. The petition alleged that the child had continuously remained in foster care since April 7, 2010, when she was two years old, and that despite the agency's efforts to help the mother develop a meaningful relationship with the child, the mother failed to cooperate and engage in necessary services. The petition further alleged that the father, who was named on the child's birth certificate, was entitled to notice of the proceeding, but that his consent to an adoption was not required because he failed to satisfy the requirements of Domestic Relations Law § 111.

During the course of the proceeding, the Family Court issued an order granting that branch of the petition which sought a determination that the father's consent to the adoption of the child was not required pursuant to Domestic Relations Law § 111. In a prior decision and order, this Court granted the father leave to appeal and affirmed the Family Court's order, concluding that its "determination that the father's consent to the adoption of the . . . child was not required was supported by clear and convincing evidence [because] [t]he father failed to meet his burden of establishing that he maintained substantial and continuous or repeated contact with the child through the payment of support and either regular visitation or other communication with the child" (*Matter of Tanay R.S. [Robert S.—Tanay M.]*, 122 AD3d 865, 866 [2014] [citation omitted]; *see* Domestic Relations Law § 111 [1] [d]; *Matter of Seasia D.*, 10 NY3d 879, 880 [2008]).

During the pendency of the father's prior appeal, the proceed-

ing to terminate the mother's parental rights continued. After a fact-finding hearing, the Family Court issued an order of fact-finding, which found that the mother had permanently neglected the child. After a dispositional hearing, at which both the mother and the father testified, the court issued an order of disposition, which terminated the mother's parental rights and directed that the child be freed for adoption by the foster parents. The mother appeals from both orders, and the father separately appeals from the order of disposition.

Under the circumstances of this case, the father, whose consent was not required for the child's adoption pursuant to Domestic Relations Law § 111, is not aggrieved by the order of disposition (see Mixon v TBV, Inc., 76 AD3d 144 [2010]; see also Domestic Relations Law § 111-a; Matter of Kevin A., Jr., 61 AD3d 859, 860 [2009]; Matter of Tatiana R., 17 Misc 3d 443, 459 [Fam Ct, Kings County 2007]). Thus, his appeal must be dismissed (see CPLR 5511; Matter of Josue M.A.P. [Coreas Mancia—Perez Lue], 143 AD3d 827, 828 [2016]).

Turning to the mother's appeal from the order of disposition, which brings the order of fact-finding up for review, we find that the Family Court properly determined that she permanently neglected the child. The petitioner proved by clear and convincing evidence that it fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the mother's parental relationship with the child (see Social Services Law § 384-b [7] [a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]; Matter of Sheila G., 61 NY2d 368, 373 [1984]; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 725-726 [2014]). Further, the petitioner proved that, despite those efforts, the mother failed, for a period of more than one year after the child came into the petitioner's care, to substantially and continuously maintain contact with the child or plan for her future, although physically and financially able to do so (see Social Services Law § 384-b [7] [a], [c]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d at 429; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022, 1023 [2015]; Matter of Egypt A.A.G. [Kimble G.], 108 AD3d 533 [2013]; Matter of David O.C., 57 AD3d 775, 775-776 [2008]).

Furthermore, the Family Court properly determined that it would be in the best interests of the child to terminate the mother's parental rights and free the child, who is now nine years old, for adoption by her foster parents (see Matter of Anthony L. [Anthony C.], 95 AD3d 1330 [2012]; Matter of David O.C., 57 AD3d at 776). Contrary to the mother's contention, a suspended judgment would not have been appropriate given

her lack of insight into her problems and her failure to address the primary issues that led to the child's removal from the home (see Family Ct Act § 631; *Matter of Lasuree A.B. [Carla S.B.]*, 141 AD3d 578, 579 [2016]; *Matter of Justice C. [Wanda C.]*, 124 AD3d 885 [2015]; *Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d at 726; *Matter of Chanel C. [Vanessa N.]*, 118 AD3d 826, 828-829 [2014]). Mastro, J.P., Austin, Miller and Maltese, JJ., concur.