Matter of Adam M. D. (Victoria M. C.) (2019 NY Slip Op 02089)





Matter of Adam M. D. (Victoria M. C.)


2019 NY Slip Op 02089


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-07240 
2018-07241
2018-02742
 (Docket Nos. B-11846-15, B-11847-15, B-11848-15)

[*1]In the Matter of Adam M. D., Jr. (Anonymous). SCO Family of Services, petitioner-respondent; Victoria M. C., etc. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Ann M. N. C. (Anonymous). SCO Family of Services, petitioner-respondent; Victoria M. C., etc., (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Ka'Shawn L. D., etc. (Anonymous). SCO Family of Services, petitioner-respondent; Victoria M. C., etc., (Anonymous), appellant, et al., respondent. (Proceeding No. 3)


Larry S. Bachner, New York, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6 and Social Services Law § 384-b, the mother appeals from three orders of disposition (one as to each child) of the Family Court, Queens County (Emily Ruben, J.), each dated May 1, 2018. The orders, insofar as appealed from, upon remittitur from this Court by decision and order dated January 10, 2018, and after a dispositional hearing, terminated the mother's parental rights on the ground of permanent neglect, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.
The petitioner, SCO Family of Services, commenced these proceedings pursuant to Family Court Act article 6 and Social Services Law § 384 to terminate the mother's parental rights on the ground of permanent neglect. Following a hearing, the Family Court found that the petitioner failed to establish by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship. The court dismissed those branches of the petitions which were to terminate the mother's parental rights. The children appealed. This Court reversed the order, reinstated the petitions, made findings that the mother permanently neglected the children, and remitted the matter for a dispositional hearing (see Matter of Adam D. [Victoria C.], 157 AD3d 673). Following the dispositional hearing, the Family Court terminated the mother's parental rights and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
"[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved" (Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child (see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 311; Matter of Amaarie L.M. [Kelly R.], 166 AD3d 977, 978; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828; Matter of Jesse D. [John J.D.], 109 AD3d 990, 991; Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 659). A suspended judgment is permitted only where the court determines that such disposition is in the child's best interests (see Matter of Michael B., 80 NY2d at 311; Matter of Amaarie L.M. [Kelly R.], 166 AD3d at 978; Matter of Tymel P. [Tyrone P.], 157 AD3d at 700; Matter of Chanel C. [Vanessa N.], 118 AD3d at 828; Matter of Jesse D. [John J.D.], 109 AD3d at 991; Matter of Jalil U. [Rachel L.-U.], 103 AD3d at 659). Here, we agree with the Family Court's determination that it would be in the children's best interests to terminate the mother's parental rights and that a suspended judgment was not appropriate since the mother lacked insight into her problems and failed to address the issues that led to the children's removal and the finding of permanent neglect (see Matter of Amaarie L.M. [Kelly R.], 166 AD3d at 978; Matter of Tymel P. [Tyrone P.], 157 AD3d at 700; Matter of Tanay R.S. [Tanya M.], 147 AD3d 858, 860-861; Matter of Devon D.T. [Davina T.], 135 AD3d 947, 948).
The mother's remaining contention, seeking, in effect, leave to reargue the appeal which was determined by this Court's decision and order in Matter of Adam D. (Victoria C.) (157 AD3d 673), is not properly before this Court on this appeal (see 22 NYCRR former 670.6[a]).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court