Matter of Lance Q.M. (Antwanette Q.B.) (2020 NY Slip Op 02050)





Matter of Lance Q.M. (Antwanette Q.B.)


2020 NY Slip Op 02050


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-02841
2019-02842
2019-02843
 (Docket Nos. B-15290-15, B-15291-15, B-15293-15)

[*1]In the Matter of Lance Q.M., also known as Lance M., also known as Lance B. (Anonymous). SCO Family of Services, petitioner-respondent; Antwanette Q.B., also known as Antwanette B. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Lanise Q.M., also known as Lanise M., also known as Lanice B. (Anonymous). SCO Family of Services, petitioner-respondent; Antwanette Q.B., also known as Antwanette B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Mark Diamond, New York, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Maricel Gonzalez, Jamaica, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from three orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Carol A. Stokinger, J.), dated February 28, 2019. The orders, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these three related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject children on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court, inter alia, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the Commissioner of Social Services of the City of New York and the petitioner for the purposes of adoption. The mother appeals. We affirm the orders insofar as appealed from.
The Family Court's finding of permanent neglect was supported by clear and convincing evidence. The petitioner met its initial burden of establishing that it undertook diligent efforts to strengthen the parental relationship between the mother and the subject children by, among other things, developing an appropriate service plan, scheduling regular parental access, and referring the mother for services (see Social Services Law § 384-b[7][a]). The record shows that, despite the petitioner's diligent efforts, the mother failed, for a period of at least one year, substantially and continuously or repeatedly, to maintain contact with or plan for the future of the children, although physically and financially capable of doing so (see Social Services Law § 384-b[7][c]; Matter of Maria R.O. [Patrick M.], 176 AD3d 1222, 1222-1223).
Contrary to the mother's contention, the redacted progress notes were properly admitted into evidence under the business records exception to the hearsay rule (see CPLR 4518[a]; Matter of Leon RR, 48 NY2d 117, 122-123). In any event, even apart from the progress notes, the testimonial evidence of the mother's failure to maintain contact with and plan for the subject children, including the mother's own testimony, was sufficient to support a finding of permanent neglect (see Matter of Melisha M.H. [Sheila B.R.], 119 AD3d 788, 788-789).
Furthermore, based on the evidence adduced at the dispositional hearing, we agree with the Family Court's determination that termination of the mother's parental rights was in the best interests of the children (see Matter of Morgan A.H. [Ta-Mirra J.H.], 172 AD3d 861, 862-863).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court