Matter of Angelina J. W. (Antonio R.) (2022 NY Slip Op 01165)





Matter of Angelina J. W. (Antonio R.)


2022 NY Slip Op 01165


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2020-09573
 (Index No. B-16663-18)

[*1]In the Matter of Angelina J. W. (Anonymous). Forestdale, Inc., petitioner-respondent; Antonio R. (Anonymous), etc., appellant, et al., respondent.


Larry S. Bachner, New York, NY, for appellant.
Rosin Steinhagen Mendel PLLC, New York, NY (Marion C. Perry of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Queens County (Joan L. Pickerel, J.), dated November 17, 2020. The order, insofar as appealed from, after a fact-finding hearing, found that the father's consent to the adoption of the subject child was not required.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in June 2017. The mother and the father were not married. No father was listed on the child's birth certificate, and no person had filed with the Putative Father Registry. The child was placed in foster care with Forestdale, Inc. (hereinafter the agency), shortly after her birth, and has remained there since. In February 2018, a finding of neglect was entered against the mother. In May 2018, the father commenced a proceeding to establish his paternity, and an order of filiation was entered on or about November 28, 2018. While the paternity proceeding was pending, in August 2018, the agency commenced this proceeding to terminate parental rights, contending, inter alia, that the mother had permanently neglected the child and that the father was not a person whose consent was necessary for the adoption of the child. Following a fact-finding hearing, in an order dated November 17, 2020, the Family Court found, among other things, that the mother had permanently neglected the child and that the father's consent to the adoption of the child was not required. The father appeals, contending that the court erred in determining that his consent was not required.
Initially, no appeal lies as of right from a nondispositional order of the Family Court in a proceeding pursuant to Social Services Law § 384-b (see Family Ct Act § 1112[a]; Matter of William S.L. [Julio A.L.], 195 AD3d 839, 840; Matter of Shawn C.A., 110 AD2d 697, 698). However, we deem the notice of appeal to be an application for leave to appeal, and grant the father leave to appeal as a matter of discretion (see Family Ct Act § 1112[a]).
Pursuant to Domestic Relations Law § 111(1)(d), consent to adoption is not required from a biological father of a child born out of wedlock and placed for adoption more than six months after the child's birth, unless the biological father "maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to do so and not prevented from doing so by the person or authorized agency having lawful custody of the child, or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so by the person or authorized agency having lawful custody of the child" (Domestic Relations Law § 111[1][d]). It is the father's burden to prove that he satisfies the requirements of Domestic Relations Law § 111(1)(d), such that his consent to the adoption of the child is required (see Matter of Andrew Peter H.T., 64 NY2d 1090, 1091; Matter of Racal M., Jr. [Racal M.], 172 AD3d 1067, 1069; Matter of Anthony C.M. III [Anthony C.M.], 141 AD3d 718, 719).
Here, contrary to the father's contention, he did not establish that his consent to the child's adoption was required pursuant to Domestic Relations Law § 111(1)(d) (see Matter of Racal M., Jr. [Racal M.], 172 AD3d at 1069; Matter of Anthony C.M. III [Anthony C.M.], 141 AD3d at 719). The father did not establish that he provided financial support consistent with his means, nor did he establish that he visited the child monthly when able to do so or maintained regular communication with the agency when unable to visit the child (see Domestic Relations Law § 111[1][d]).
The father's contentions regarding the agency's failure to inform him of the requirements of Domestic Relations Law § 111(1)(d) are without merit, as the agency was not required to make "diligent efforts . . . to encourage the father to perform the acts specified in" that section.
The father's constitutional challenges to Domestic Relations Law § 111(1)(d) are for the most part improperly raised for the first time on appeal (see Matter of Baby Boy O. [Robert-Kyle S.M.], 181 AD3d 606, 607). To the extent that the father raised his due process argument before the Family Court, it is without merit (see Lear v Robertson, 463 US 248, 262-263; Matter of Robert O. v Russell K., 80 NY2d 254, 263).
The father's remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court