Matter of Jeremiah W. T. (Shaunta K. J.--William T.) (2022 NY Slip Op 03520)





Matter of Jeremiah W. T. (Shaunta K. J.--William T.)


2022 NY Slip Op 03520


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2021-02116
2022-03610
 (Docket Nos. B-12788-14, B-12790-14)

[*1]In the Matter of Jeremiah W. T. (Anonymous), etc. SCO Family of Services, petitioner-respondent;
and
Shaunta K. J. (Anonymous), etc., appellant, William T. (Anonymous), respondent. (Proceeding No.1 )
In the Matter of Zackariyah M. T. (Anonymous), etc. SCO Family of Services, petitioner-respondent; Shaunta K. J. (Anonymous), appellant, William T. (Anonymous), respondent. (Proceeding No. 2)
 


Jill M. Zuccardy, New York, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Jacqueline Cabrera, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of disposition of the Family Court, Queens County (Emily Ruben, J.) (one as to each child), both dated August 7, 2020. The orders of disposition, upon remittitur from this Court by decision and order dated November 7, 2018, and upon a decision of the Supreme Court, Queens County (Emily Ruben, J.), dated March 17, 2020, made after a dispositional hearing, terminated the mother's parental rights on the ground of permanent neglect, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the orders of disposition (see CPLR 5520[c]); and it is further,
ORDERED that the orders of disposition are affirmed, without costs or disbursements.
The petitioner, SCO Family of Services, commenced these proceedings pursuant to [*2]Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect. Following a fact-finding hearing, the Family Court found, among other things, that the petitioner failed to establish by clear and convincing evidence that it made diligent efforts to strengthen the parent-child relationship, and it dismissed the petitions. The agency appealed. This Court reversed the order, reinstated the petitions, made findings that the mother permanently neglected the children, and remitted the matter for a dispositional hearing (see Matter of Imani L.J. [Shaunta J.], 166 AD3d 616). Following the dispositional hearing, the Family Court terminated the mother's parental rights and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
"[A]t the . . . dispositional hearing the court must consider only the best interests of the child involved" (Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430; see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). A dispositional order suspending judgment provides a brief grace period to give a parent found to have permanently neglected a child a second chance to prepare for reunification with the child (see Family Ct Act § 633; Matter of Michael B., 80 NY2d 299, 311; Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006, 1007; Matter of Amaarie L.M. [Kelly R.], 166 AD3d 977, 978; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828; Matter of Jesse D. [John J.D.], 109 AD3d 990, 991). A suspended judgment is permitted only where the court determines that such disposition is in the child's best interests (see Matter of Michael B., 80 NY2d at 311; Matter of Adam M.D. [Victoria M. C.], 170 AD3d at 1007; Matter of Amaarie L.M. [Kelly R.], 166 AD3d at 978; Matter of Tymel P. [Tyrone P.], 157 AD3d at 700; Matter of Chanel C. [Vanessa N.], 118 AD3d at 828; Matter of Jesse D. [John J.D.], 109 AD3d at 991).
Here, the Family Court properly determined that it was in the children's best interests to terminate the mother's parental rights and that a suspended judgment was not appropriate since the mother lacked insight into her problems and failed to address the issues that led to the children's removal and the finding of permanent neglect (see Matter of Adam M.D. [Victoria M.C.], 170 AD3d at 1007; Matter of Amaarie L.M. [Kelly R.], 166 AD3d at 978; Matter of Tymel P. [Tyrone P.], 157 AD3d at 700; Matter of Tanay R.S. [Tanya M.], 147 AD3d 858, 860-861; Matter of Devon D.T. [Davina T.], 135 AD3d 947, 948).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court