Matter of Angelina J. W. (Tanya J. W.) (2023 NY Slip Op 03238)

Matter of Angelina J. W. (Tanya J. W.)

2023 NY Slip Op 03238

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2022-01128
 (Docket No. B-16663-18)

[*1]In the Matter of Angelina J. W. (Anonymous). Forestdale, Inc., respondent; Tanya J. W. (Anonymous), et al., appellants.

Peter Wilner, Jamaica, NY, for appellant Tanya J. W.
Larry S. Bachner, New York, NY, for appellant Antonio R.
Rosin Steinhagen Mendel PLLC, New York, NY (Marion C. Perry of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated January 31, 2022, and the father separately appeals from stated portions of the same order. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the appeal by the father is dismissed, without costs or disbursements, as the father is not aggrieved by the portions of the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the mother, without costs or disbursements.
The subject child was born in June 2017, and was placed with the petitioner for foster care on or about June 27, 2017. In August 2018, the petitioner commenced this proceeding to terminate the parental rights of the mother on the ground of permanent neglect, and for a determination that the consent of the father was not required for the child's adoption. Following a fact-finding hearing, the Family Court, in an order dated November 17, 2020, determined that the mother had permanently neglected the child and that the father's consent to the adoption of the child was not required. The father appealed from that order (see Matter of Angelina J.W. [Antonio R.], 202 AD3d 1091). This Court granted the father leave to appeal and, in a decision and order dated February 23, 2022, affirmed the order insofar as appealed from (id. at 1092). While that appeal was pending, the Family Court held a dispositional hearing. Following the dispositional hearing, in an [*2]order dated January 31, 2022, the court, inter alia, terminated the mother's parental rights and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother and the father separately appeal.
Under the circumstances of this case, the father, whose consent was not required for the child's adoption pursuant to Domestic Relations Law § 111, is not aggrieved by the portions of the order appealed from (see Matter of Tanay R.S. [Tanya M.], 147 AD3d 858, 860). Thus, his appeal must be dismissed (see CPLR 5511; Matter of Tanay R.S. [Tanya M.], 147 AD3d at 860).
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733 [internal quotation marks omitted]; see Social Services Law § 384-b[7][a]). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733 [internal quotation marks omitted]). "[I]n providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments" (Matter of William S.L. [Julio A.L.], 195 AD3d 839, 842 [internal quotation marks omitted]).
Here, the petitioner established by clear and convincing evidence that it made "diligent efforts to encourage and strengthen the parent-child relationship" between the mother and the child (Matter of Shimon G. [Batsheva G.], 206 AD3d at 733 [internal quotation marks omitted]). The petitioner presented evidence that its case planner discussed the mother's service plan with her, including explaining that various aspects of the plan were necessary to ensure that the mother could safely be reunited with the child and explaining that visitation was the mother's "chance to bond with the child." The petitioner scheduled weekly supervised visitation. The case planner provided the mother with multiple referrals for substance abuse treatment programs in a location that was convenient to the mother, referred the mother for monthly drug tests, and gave her a MetroCard so that she could travel to the drug tests. The case planner also provided the mother with referrals for a mental health service evaluation and mental health services, as well as for parenting skills courses, and accompanied the mother to a parenting skills program in which the mother ultimately enrolled. These efforts fulfilled the petitioner's statutory duty under Social Services Law § 384-b(7)(a) (see Matter of Shimon G. [Batsheva G.], 206 AD3d at 733).
With regard to the mother's contention that the Family Court erred in admitting into evidence four case progress note entries that were not recorded contemporaneously, such entries were either properly admitted, or in any event, any error was harmless, as the remaining progress notes, in addition to the testimony of the case planner and the mother, were sufficient to establish the petitioner's diligent efforts (see Matter of Delehia J. [Tameka J.], 93 AD3d 668, 669-670; see generally Matter of Lance Q.M. [Antwanette Q.B.], 181 AD3d 886, 887-888).
The mother's contention that the Family Court should have granted her a suspended judgment is unpreserved for appellate review (see Matter of Mathew B.C. [Sue-Ann L.C.], 200 AD3d 689, 690). In any event, this contention is without merit. A suspended judgment was not in the child's best interests, as the mother failed to "demonstrate progress in overcoming" the issue that led to the child's removal (Matter of Malazah W. [Antoinette W.], 206 AD3d 1003, 1004).
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court